## No. 6088.

### The State of Louisiana vs. D. R. Fenderson.

The court is urged by the counsel for the defendant to take judicial cognizance of the fact that at the time the grand jury which found the bill of indictment in this case was impaneled Judge Braughn was presiding in the court, and that he was not then judge of the court, but was illegally acting under appointment from Judge Atocha, the presiding judge. This can not be done. This court has no legal means of knowing whether Judge Atocha presided in his court on that day or not, even if the grand jury was impaneled before Judge Braughn was legally appointed judge of that court; nor can this court tell *when* the grand jury was impaneled. The fact which counsel wishes this court to assume as true should have been shown in some legal way by the record, if it be a fact.

APPEAL from the Superior Criminal Court, parish of Orleans. *Braughn,* J. Criminal case. *John McPhelin,* District Attorney, and *A. P. Field,* Attorney General, for plaintiff and appellee. *J. N. Haggins,* for defendant and appellant.

Ludeling, C. J. On the twelfth of May, 1875, the defendant was indicted for murder, and the indictment was duly filed in the Superior Criminal Court of New Orleans, of which G. H. Braughn was then judge. He was regularly tried, and on the twenty-sixth of May, 1875, the jury returned a verdict of "guilty." In due time, the defendant was sentenced to suffer the penalty of death. A reprieve was granted by the Governor to enable defendant to obtain a writ of *habeas corpus;* and after a careful consideration of the application, relief, under that writ, was refused by this court. Then a suspensive appeal from the judgment of the court *a qua* was obtained.

There is no motion for new trial, no bill of exceptions, and no assignment of errors in this record. Nor have we been able to discover any error in the proceedings, as exhibited by the record before us, which is not alleged to be defective, but which is duly certified by the clerk to be a full and complete transcript of the record, proceedings, and judgment

NEW ORLEANS, MARCH, 1876. 329

in the case. Under these circumstances, this court can not reverse the judgment appealed from.

The counsel for defendant has urged the court to take judicial cognizance of the fact that at the time the grand jury which found the bill of indictment in this case was impaneled Judge Braughn was presiding in the court, and that he was not then judge of the court, but was acting under an appointment from Judge Atocha, the presiding judge. This we can not do. We have no legal means of knowing whether Judge Atocha presided in his court on that day or not, even if the grand jury was impaneled before Judge Braughn was legally appointed judge of that court. Nor can we tell *when* the grand jury was impaneled. The fact which counsel wish us to assume as true should have been shown in some legal way by this record, if it be a fact.

It is therefore ordered that the judgment of the lower court be affirmed with costs.